Eileen Lynch, Appellant, 
against
North Shore-Long Island Jewish Health System, Inc., Respondent.



Appeal from an order of the District Court of Nassau County, First District (Scott Fairgrieve, J.; op 46 Misc 3d 1222[A], 2015 NY Slip Op 50254[U]), entered March 4, 2015. The order denied plaintiff's motion to, in effect, vacate the dismissal of the complaint and restore the matter to the calendar.




ORDERED that the order is reversed, without costs, and plaintiff's motion to, in effect, vacate the dismissal of the complaint and restore the matter to the calendar is granted. 
In this personal injury action seeking to recover the principal sum of $15,000, the summons and complaint were served upon defendant in November 2012. Defendant's answer was served in January 2013, but was not filed with the clerk of the District Court (see Uniform Rules for Dist Cts [22 NYCRR] § 212.6 [c]). It appears that the case was placed on a dismissal calendar on January 31, 2014, and the complaint was dismissed on that date pursuant to CPLR 3215 (c).
Plaintiff moved by order to show cause returnable February 9, 2015 to, in effect, vacate the dismissal of the complaint and restore the matter to the calendar. Plaintiff's attorney submitted an affirmation wherein he argued that the action should not have been dismissed by the District Court pursuant to CPLR 3215 (c) due to plaintiff's failure to enter a default judgment within one year after defendant had allegedly failed to appear and answer, since defendant had served its answer upon plaintiff in January 2013. He further alleged that the parties were conducting discovery and that plaintiff had served a bill of particulars upon defendant in November 2014. In addition, it was alleged that plaintiff's counsel had not been aware that the matter had been placed on the court's dismissal calendar until after the action had been dismissed. In a supporting affidavit, plaintiff alleged that she had been injured due to defendant's negligence while cycling on defendant's property. 
In opposition to the motion, defendant's attorney asserted that the answer had been served on January 4, 2013 and that the parties had been conducting discovery.
By order entered March 4, 2015, the District Court denied plaintiff's motion.
The parties acknowledge that defendant had in fact served an answer and that they had been conducting discovery. Plaintiff's motion papers establish that plaintiff had no reason to believe that the complaint was subject to dismissal pursuant to CPLR 3215 (c), and that she had no prior knowledge of the court's intention to dismiss the action pursuant to CPLR 3215 (c) or even that the matter had been placed on a dismissal calendar. Under the circumstances [*2]presented, we are of the opinion that plaintiff's motion should have been granted.
Accordingly, the order is reversed and plaintiff's motion to, in effect, vacate the dismissal of the complaint and restore the matter to the calendar is granted.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: July 20, 2016